HOLDA *v.* CONSUMERS POWER CO.

1. Equity—Motion to Dismiss—Pleading.
   On motion to dismiss bill and amended bill of complaint all facts well pleaded must be accepted as true.

2. Appeal and Error—Motion to Dismiss—Record.
   On appeal from order granting motion to dismiss bill of complaint as to one of several defendants, Supreme Court must accept record in Supreme Court as it was presented in trial court at time motion was heard.

3. Reformation of Instruments—Land Contract—Third Party Claimants.
   In suit by purchasers under land contract against vendor to reform description of land conveyed so as to include an area to which other defendants are inferred to claim some interest, plaintiffs would not be entitled to relief against latter unless they are able to establish a right thereto against their vendor.

4. SAME—MISTAKE—FRAUD—PRAYER FOR RELIEF.

In suit by purchasers under land contract against vendor, brought to reform contract so as to include premises not within specific description of contract, where neither mutual mistake nor fraud is specifically or sufficiently alleged and reformation of the contract was not specifically mentioned in prayer for relief, plaintiffs would not be entitled to such relief as against third party claiming an interest in the land sought to be included in description of land contract until relief was obtained against vendor.

5. APPEAL AND ERROR—AFFIRMANCE WITHOUT PREJUDICE—REFORMATION OF INSTRUMENTS.

Decree dismissing bill as premature against third party claimant to land sought to be included within description of land contract by plaintiff purchasers is affirmed but without prejudice as to right to seek relief later against such claimant once the right thereto should be established against land contract vendor, notwithstanding it does not appear plaintiffs sought to have dismissal, if made by trial court, without prejudice.

6. COSTS—MODIFICATION OF DECREE ON APPEAL.

Costs are awarded against appellant where decree is affirmed notwithstanding decree is modified so as to dismiss bill without prejudice as to later suit against party defendant as to whom bill had been dismissed because premature where such relief was not made a reason or ground for appeal.

Appeal from Jackson; Simpson (John), J. Submitted June 3, 1942. (Docket No. 35, Calendar No. 42,029.) Decided September 8, 1942.

Bill by Vincent Holda and wife against Consumers Power Company, a corporation, Pittsburgh Forgings Company Riverside Division and Louis Glick, for an injunction and other relief. On motion to dismiss by defendant Consumers Power Company. Bill dismissed as to defendant Consumers Power Company. Plaintiffs appeal. Affirmed.

*Haskell L. Nichols,* for plaintiffs.

*Bisbee, McKone, Badgley & McInally,* for defendant.

North, J. In 1927, plaintiffs purchased on contract from defendant Louis Glick and his wife, the latter now deceased, eight lots designated by their respective numbers in the Water Street subdivision of the city of Jackson. The described property or some portion thereof was bounded on the easterly side by a millpond, sometimes referred to in the record as the river bed. The deed through which defendant Glick and his wife obtained title to the described lots contained the following in the grant:

"also all interest in bed of millpond adjacent and directly opposite the above-described land, which was acquired by Moses A. McNaghton by deed from Henry A. Hayden, and Wyley R. Reynolds."

It is a fair inference from the record that the defendant Consumers Power Company has or at least claims some interest, right or title in the millpond property; and plaintiffs allege that the Consumers Power Company "are selling same to the Pittsburgh Forgings Company Riverside Division, all or nearly all of the property adjacent to the property set forth" in the land contract on which plaintiffs are purchasing. As to defendant Louis Glick plaintiffs allege that he "advised" them that they would have all of the premises, including the additional property set forth in the deed through which Glick and his wife took title, "and this bill of complaint is for the purpose of reforming said contract to include said premises." Because we deem its consideration is essential to decision herein we quote, with exception of the part requiring an answer, the prayer of relief in full:

"2. That all said parties hereto may be enjoined from interfering with plaintiffs' possession of the

property hereinbefore set forth and that the Pittsburgh Forgings Company Riverside Division be enjoined from building fences on said premises pending this litigation.

"3. If for any reason plaintiff is deprived of said property, they should be awarded adequate [damages?], to compensate them for their losses thereon, and proper credit given upon said contract.

"4. That the plaintiffs may have such other and further relief in the premises as is agreeable to equity and good conscience."

The defendant, Consumers Power Company, entered its special appearance and made a motion that as to it the bill of complaint be dismissed. This motion was heard by the trial judge and granted. Plaintiffs have appealed.

For present purposes we must accept as true all facts well pleaded in plaintiffs' original bill and in their amended bill of complaint. But it is also true, in passing upon the correctness of the circuit judge's order dismissing the bill of complaint, we must accept the record in this court as it was presented in the trial court at the time the motion was heard. On these conditions we hear and dispose of the matter *de novo.*

It is obvious that plaintiffs will not be entitled to any relief against the Consumers Power Company or the Pittsburgh Forgings Company Riverside Division unless they can establish a right to relief under the allegations of their bill against the defendant Louis Glick; and if it appears from the face of the bill that plaintiffs have not alleged a cause of action entitling them to relief against Glick, there can be no just complaint of the order of the trial judge in dismissing as to the Consumers Power Company.

While the defects about to be noted might have been subject to amendment, still, as above noted,

we must consider this record as presented to the trial judge; and, further, it should be noted plaintiffs have made no application to amend. Notwithstanding plaintiffs state in the body of their original bill of complaint that it is "for the purpose of reforming said contract," we think it is clear that the allegations of the bill of complaint are not sufficient to entitle plaintiffs to such relief. Neither *mutual* mistake nor fraud is specifically or sufficiently alleged. Instead it is only alleged that defendant Glick "advised" plaintiffs that they would have under their contract the adjacent millpond land in addition to that specifically described in the land contract. And further, reformation of the contract is not mentioned in the prayer for relief. Instead, as hereinbefore quoted, plaintiffs ask that they "be awarded adequate [damages?] to compensate them for their losses" in event they are "deprived" of this additional millpond property.

Except in a particular hereinafter noted, we fail to see how plaintiffs, who allege in their bill of complaint that they are in possession of the property, can have their rights impaired or be subjected to any material disadvantage by being required to adjudicate their alleged rights as against defendant Glick before plaintiffs are permitted to compel the Consumers Power Company to become a party litigant. Seemingly it was on this theory that the circuit judge concluded plaintiffs' suit as against the Consumers Power Company was prematurely brought; and in part at least he based dismissal on that ground. Except as hereinafter modified, his decretal order dismissing the bill must be affirmed.

At the conclusion of plaintiffs' brief in this court it is urged or at least suggested that the decretal order ought to be modified so as to provide that the bill of complaint "should be dismissed without prej-

udice to the plaintiff filing a new bill of complaint, when they have secured a reformation of said contract.'' The record does not disclose that plaintiffs made any attempt in the trial court to have the dismissal made, if made at all, without prejudice. This phase of the record was not made a reason or ground for bringing this appeal. Notwithstanding this, in the fullness of the authority of this court in hearing matters of this kind *de novo,* we think it only equitable that the record should not be left in such a condition as possibly to bar plaintiffs from ultimately securing full and fair adjudication of their alleged rights. Except the decree as entered is modified in the respect under consideration, it seems highly probable, if not certain, that in a large measure at least, it would later be held as an adjudication of some or of all plaintiffs' alleged rights as against defendant Consumers Power Company. For this reason plaintiffs will be permitted to take an amended decree in this Court wherein it will be provided that the dismissal of their bill of complaint is without prejudice. Notwithstanding this rather extraordinary relief granted to plaintiffs, costs of this appeal should be taxed against them. In other respects as above noted the decree entered in the circuit court is affirmed.

CHANDLER, C. J., and BOYLES, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.